**Winfred EWING, Plaintiff,**

**v.**

**AYRES CORPORATION, Defendant.**

**No. DC 88–47–S–D.**

United States District Court,
N.D. Mississippi,
Delta Division.

Sept. 27, 1989.

Charles Baglan, Batesville, Miss., and Ben Todd, Memphis, Tenn., for plaintiff.

Thomas Gerity, Jackson, Miss., for defendant.

### ORDER

JERRY A. DAVIS, United States Magistrate.

The defendant has filed a motion seeking a refund from plaintiff of the fee it paid for an independent medical examination of plaintiff by Dr. Edward Kaplan of Memphis, Tennessee, and for another independent medical examination. This motion is predicated on the fact that one of the attorneys for plaintiff contacted Dr. Kaplan prior to the examination and provided Dr. Kaplan with a copy of a medical deposition taken in the case and advised Dr. Kaplan that the purpose of his examination was "to determine the extent of brain damage sustained" by plaintiff. Counsel for defendant was not copied with this correspondence. Subsequently, counsel for defendant furnished Dr. Kaplan with copies of plaintiff's medical records from the Regional Medical Center at Memphis. These

records were apparently furnished to Dr. Kaplan without a request from the independent medical examiner. However, plaintiff's counsel was copied with the transmittal letter.

When plaintiff appeared for his examination at the Memphis Neurosurgical Clinic, he was required to assign to Dr. Kaplan a portion of any recovery in this lawsuit to cover any unpaid balance on his account at Memphis Neurosurgical Clinic. This was required although defendant had agreed to pay as required by the court's order all costs of the examination. The court is of the opinion that this assignment was due to a clerical mistake in Dr. Kaplan's office and was not evidence of complicity with plaintiff's attorney. However, due to the assignment on file a copy of the independent medical examination was forwarded by Dr. Kaplan's office to plaintiff's attorney in spite of the court's order requiring that the report be sent only to defendant's attorney and made available to plaintiff pursuant to Rule 35. Plaintiff's attorney did advise the court and defendant's counsel immediately when he received the report in error.

■ The main concern of the court is whether the submission of the medical deposition by plaintiff's attorney and the submission of unrequested medical records by defendant's attorney destroys the independent nature of Dr. Kaplan's examination. The court's research reveals very little, if any, relevant authority. For example, state courts have split over the question of whether the lawyer of the patient to be examined can be present during the examination. *See generally,* Wright & Miller, Federal Practice and Procedure: Civil § 2236 (1970). It is the opinion of the court that the independence of the Rule 35 examining physician should be preserved at all times. Any contact by counsel for either party that even gives the appearance of tainting the independence of the physician cannot be sanctioned.

■ It is obvious to the court that the submission of the medical deposition by plaintiff's counsel was for the purpose of influencing the doctor's opinion. This is underscored by the fact that plaintiff's counsel failed to advise opposing counsel of his contact. Defendant's counsel was made aware of this contact only after requesting Dr. Kaplan's file after this controversy arose. While less egregrious, defendant's counsel also provided the independent medical examiner with unsolicited information.

The purpose of a Rule 35 examination is to secure an *independent* physical or mental examination of a party. In order to insure this independence, no party to the litigation should provide the examining physician with information absent a request from the physician and approval of the court. The parties may contact the physician to arrange an appointment and to arrange payment of fees, but no party should have any contact that gives the appearance of influencing the independence of the examination. If the examining physician requests information in order to perform the examination and render his opinion and diagnosis, the party requesting the examination shall so advise the court and leave will be freely given if the court determines that the information requested is of the type routinely utilized by doctors in rendering a diagnosis and opinion.

Under the circumstances of this case, the court finds that the independence of Dr. Kaplan has been sufficiently questioned to warrant another examination pursuant to Rule 35. Moreover, the contact of Dr. Kaplan by plaintiff's attorney warrants the imposition of sanctions. Because defendant's attorney also contacted Dr. Kaplan and provided unsolicited information, albeit in a less egregious fashion, the appropriate sanction is for the parties to share equally in the cost of the independent medical examination. Moreover, since the error was totally the action of plaintiff's attorneys, the sanction shall be paid by attorneys for plaintiff. The attorneys for plaintiff shall pay the sum of $1,982.54 to defendant within fourteen (14) days of this order.

Plaintiff shall submit to an independent neurosurgical examination to be conducted by Dr. Orlando J. Andy, Department of Neurosurgery, University Medical Center,

2500 N. State Street, Jackson, Mississippi 39216 at 10:30 A.M., October 23, 1989, for an evaluation of the physical condition of plaintiff from a neurosurgical standpoint.

Any physician/patient privilege that may attach to the examination of Winfred Ewing by Dr. Andy is hereby waived, and Dr. Andy is specifically authorized, empowered and directed pursuant to Rule 35(b)(1), F.R. Civ.P., to prepare a written report of his findings, including the results of all tests made, diagnoses and conclusions, and to provide the report only to Thomas C. Gerity, Watkins & Eager, P.O. Box 650, Jackson, MS 39205.

The defendant Ayres Corporation shall bear the cost of Dr. Andy's services, including the report described above and shall make payment to him promptly upon the receipt of his examination and his report. In addition, due to the indigency of plaintiff defendant shall bear the reasonable costs for transportation of plaintiff from his residence in Tunica, Mississippi, to Dr. Andy's office and back, along with any other incidental expenses, such as parking and meals. Payment shall be made promptly upon the submission of receipts for expenses associated with plaintiff's trip.

Disclosure of the report of Dr. Andy to others will be handled as provided by Rule 35(b)(1) and (2), F.R.Civ.P., and plaintiff shall be under an obligation to deliver, if requested, to counsel for defendant a like report of any examination, previously or thereafter made, of the same condition as to which plaintiff is examined by Dr. Andy, if plaintiff requests a copy of Dr. Andy's report. Counsel for defendant shall provide a copy of Dr. Andy's report to counsel for plaintiff if requested.

A copy of this order shall be forwarded to Dr. Andy. If Dr. Andy desires any medical records of plaintiff or any other medical history prior to the examination, he shall so advise the undersigned.

SO ORDERED.